# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE FINGERLE,

        Plaintiff-Appellee,

v

CITY OF ANN ARBOR,

        Defendant-Appellant,

and

AMERICAN FIRE AND CASUALTY
COMPANY,

        Defendant.

FOR PUBLICATION
December 2, 2014

No. 310352
Washtenaw Circuit Court
LC No. 11-000228-CZ

Before: BECKERING, P.J., and SAAD and O'CONNELL, JJ.

O'CONNELL, J. (*concurring*).

I concur with both the result and the reasoning of Judge Saad's well written majority opinion. I write separately to address the provisions of the governmental tort liability act (GTLA), MCL 691.1417, as it is applicable to the facts of this case.[1] This case presents a governmental immunity issue, which is a question of law under MCR 2.116(C)(7). Because the material facts are undisputed, and because reasonable minds could not differ regarding the legal effect of those facts, the trial court's decision must be reversed.

## I. GOVERNMENTAL IMMUNITY FOR SEWAGE DISPOSAL SYSTEM EVENTS

---

[1] I agree with Judge Saad that plaintiff's complaint sounds in contract, but the trial court, plaintiff, and the dissent, analyze the complaint as if it were a tort claim. I note that even if we analyze plaintiff's claim as sounding in tort, the alleged tort claim fails for the reasons stated in this opinion.

-1-

As both the majority and dissenting opinions correctly recognize, the City is immune from liability for plaintiff's claims unless plaintiff can establish an exception to immunity under the applicable provisions of the Government Tort Liability Act (GTLA), MCL 691.1417. Accordingly, to avoid summary disposition, plaintiff was required to show as a matter of law that during the June 2010 downpour:

(a) [The City] was an appropriate governmental agency [to be sued].

(b) The sewage disposal system had a defect.

(c) [The City] knew, or in the exercise of reasonable diligence should have known, about the defect.

(d) [The City], having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect.

(e) The defect was a substantial proximate cause of the event and the property damage or physical injury. [MCL 691.1417(3); accord *Willett v Charter Twp of Waterford*, 271 Mich App 38, 49-50; 718 NW2d 386 (2006).]

The exception to governmental immunity applies only if plaintiff can show that at the time of the deluge, *all* of these factors existed. *Willett*, 271 Mich App at 50, 52.

## II.  NO SUBSTANTIAL PROXIMATE CAUSE

In this case, plaintiff cannot make the requisite showing of substantial proximate cause.[2] To establish substantial proximate cause under the GTLA, plaintiff must show that the alleged defect was "a substantial proximate cause of the event *and* the property damage."  MCL 691.1417(3)(e) (emphasis added).  The GTLA defines "substantial proximate cause" as "a proximate cause that was 50% or more of the cause of the event *and* the property damage." MCL 691.1416(*l*) (emphasis added).  In turn, the GTLA defines "event" as "the overflow or backup of a sewage disposal system onto real property."  MCL 691.1416(k).  According to these definitions, plaintiff was required to show that during the rainstorm on June 5-6, 2010, the alleged defects were 50% or more of the cause of the rainwater overflow, *and* the alleged defects were 50% or more of the cause of rainwater entering plaintiff's basement.

The undisputed facts in this case establish that there were multiple causes of the rainwater in plaintiff's basement on June 5-6, 2010.  Those causes included the unusually intense rainstorm, the allegedly defective relief storm sewer, and the installation of plaintiff's basement egress window.  The record confirms that both before and after the 1990 construction of the relief storm sewer, rainwater periodically flooded into basements in plaintiff's neighborhood. Plaintiff has provided no evidence to establish that the relief storm sewer exacerbated the flooding, or, for that matter, that the relief storm sewer failed to divert water.  Instead, plaintiff

---

[2] As fully explained in the majority opinion, plaintiff's claim fails for several other reasons.

contends that although the City had no duty to build any relief storm sewer, the City should nonetheless have built a bigger, better system than the one actually built. However, plaintiff provides no evidence to establish that bigger would be better in this case. Plaintiff's evidence establishes, at best, that on the night of the intense rainstorm, the relief storm sewer did not divert enough rainwater to prevent water from entering plaintiff's basement egress window. This evidence does not establish that the alleged defects were a substantial proximate cause of the overflow and of the rainwater in plaintiff's basement.

The trial court and the dissent conclude that there is a factual issue regarding whether the alleged defects were a substantial proximate cause of the overflow and the influx of rainwater. This conclusion is incorrect, for two reasons. First, the factual issues in the record, if any, are not material to substantial proximate cause. Plaintiff contends, and the trial court and dissent accept, that the affidavit and report of plaintiff's expert create a factual issue on the substantial proximate cause of the overflow and the damage. This contention is misplaced, because plaintiff's expert does not address the multiple causes of the overflow and of the basement rainwater. Nothing in plaintiff's expert's report assesses the effect of the relief storm sewer on the degree of basement flooding that had historically occurred or that would have occurred without the relief storm sewer. Nor does plaintiff's expert assess the effect of plaintiff's decision to add a basement egress window in an area prone to flooding. Instead, plaintiff's expert addressed solely the alleged defects in the relief storm sewer. Given the multiple causes of plaintiff's basement rainwater, the expert report does not establish that the alleged defects were 50% or more of the cause of the overflow, or of the basement rainwater.

Second, the trial court and the dissent assume that reasonable minds would overlook the multiple causes of plaintiff's basement rainwater. I disagree with this assumption. This Court must address the causation issue as a matter of law, unless reasonable minds could differ on the legal effect of the facts. See *Willett*, 271 Mich App at 45, 53-54. The facts in this case establish that plaintiff's basement flooded because an egress window failed to withstand historic flooding from an unusually heavy rainfall. Although reasonable minds might differ as to whether the relief storm sewer was defective, no reasonable mind could conclude that the relief storm sewer was a substantial proximate cause of the basement rainwater.

### III. CONCLUSION

Rain happens. To my knowledge, the only faultless rain management system in history was constructed according to design specifications given in cubits, not in cubic feet.[3] The GTLA does not hold city governments to that historic standard of omniscience. In my view, to allow plaintiff's claim to go forward would be to open literal and figurative floodgates for litigation; our courts would be swamped in a torrent of sewage. Therefore, I concur in the majority decision to reverse the trial court and to remand for entry of summary disposition in favor of the City.

/s/ Peter D. O'Connell

---

[3] See Genesis 6:15.