# STATE OF MICHIGAN

# COURT OF APPEALS

---

JILL KOTSIS, KEVIN GALLATIN, and all others similarly situated,

Plaintiffs-Appellees,

v

CITY OF ROYAL OAK,

Defendant,

and

COUNTY OF OAKLAND, GEORGE W. KUHN DRAINAGE DISTRICT, and OAKLAND COUNTY WATER RESOURCES COMMISSIONER,

Defendants-Appellants.

UNPUBLISHED
October 26, 2017

No. 334149
Oakland Circuit Court
LC No. 2016-152906-NZ

---

KEVIN HELME, and all others similarly situated,

Plaintiffs-Appellees,

v

CITY OF CLAWSON,

Defendant,

and

COUNTY OF OAKLAND, GEORGE W. KUHN DRAINAGE DISTRICT, and OAKLAND COUNTY WATER RESOURCES COMMISSIONER,

Defendants-Appellants.

No. 334388
Oakland Circuit Court
LC No. 2016-152918-NZ

---

-1-

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In Docket No. 334149, plaintiffs, residents of Royal Oak, filed suit against defendants City of Royal Oak, Oakland County, the George W. Kuhn Drainage District, and Oakland County Water Resources Commissioner Jim Nash, alleging injury from a backup or overflow of sewage into their homes following a rainstorm in August 2014, and claiming the exception to governmental immunity for a "sewage disposal system event" under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* In Docket No. 334388, plaintiffs, residents of Clawson, filed suit against defendant City of Clawson, along with defendants named in the companion case, except for Royal Oak, essentially alleging the same claims of liability and exception to governmental immunity. Hereafter, for purposes of this consolidated appeal, our references to "plaintiffs" shall pertain collectively to plaintiffs in both cases, and our references to "defendants" shall encompass all defendants in the two actions, except for the defendant cities who are not part of this appeal. Defendants filed motions for summary disposition under MCR 2.116(C)(7) and (8), arguing that plaintiffs failed to adequately plead in avoidance of governmental immunity relative to the exception for sewage disposal system events. The trial courts denied defendants' respective motions, and defendants appeal as of right, renewing the arguments made below. On review of plaintiffs' 40-page complaints, which each contain over 230 paragraphs of detailed allegations, we affirm.

Rulings on a motion for summary disposition, as well as those addressing questions of governmental immunity, are reviewed de novo on appeal. *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 414; 875 NW2d 242 (2015); *Willett v Waterford Charter Twp*, 271 Mich App 38, 45; 718 NW2d 386 (2006). "A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity." *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008).[1] Summary disposition under MCR 2.116(C)(7) is appropriate when an action is barred on the basis of governmental immunity. *Id.* And summary disposition under MCR 2.116(C)(8) is proper when a "party has failed to state a claim on which relief can be granted." Whether it is pursuant to MCR 2.116(C)(7) or (8), given that no documentary evidence is at play, we must review all of plaintiffs' well-pleaded factual allegations as true and construe them in plaintiffs' favor. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 323-324; 869 NW2d 635 (2015). Additionally, a complaint must contain "[a] statement of

---

[1] We note that under the GTLA, "the burden continues to fall on the governmental employee to raise and prove his entitlement to immunity as an affirmative defense." *Odom*, 482 Mich at 479. Thus, we question whether plaintiffs had to plead in avoidance of governmental immunity with respect to Commissioner Nash. Indeed, the exception to governmental immunity at issue in this case only applies to "[a] governmental agency," MCL 691.1417(2), which is defined as the "state or a political subdivision," MCL 691.1401(a). However, given our ultimate ruling and the procedural posture of the cases, we need not resolve these questions regarding Commissioner Nash.

the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" MCR 2.111(B)(1).[2]

"A governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency." MCL 691.1417(2). A "sewage disposal system event" is defined as "the overflow or backup of a sewage disposal system onto real property." MCL 691.1416(k). MCL 691.1417(3) provides:

> If a claimant, including a claimant seeking noneconomic damages, believes that an event caused property damage or physical injury, the claimant may seek compensation for the property damage or physical injury from a governmental agency if the claimant shows that all of the following existed at the time of the event:
>
> (a) The governmental agency was an appropriate governmental agency.
>
> (b) The sewage disposal system had a defect.
>
> (c) The governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect.
>
> (d) The governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect.
>
> (e) The defect was a substantial proximate cause of the event and the property damage or physical injury.

---

[2] Citing, in part, MCR 2.111(B)(1), our Supreme Court in *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992), observed:

> A complaint must provide reasonable notice to opposing parties. This rule is designed to avoid two opposite, but equivalent, evils. At one extreme lies the straightjacket of ancient forms of action. Courts would summarily dismiss suits when plaintiffs could not fit the facts into these abstract conceptual packages. At the other extreme lies ambiguous and uninformative pleading. Leaving a defendant to guess upon what grounds plaintiff believes recovery is justified violates basic notions of fair play and substantial justice. Extreme formalism and extreme ambiguity interfere equivalently with the ability of the judicial system to resolve a dispute on the merits. The former leads to dismissal of potentially meritorious claims while the latter undermines a defendant's opportunity to present a defense. Neither is acceptable. [Citations omitted.]

Relying on these criteria, this Court has held that in order for a claimant to avoid governmental immunity under the exception for a sewage disposal system event, the claimant must establish the elements found in MCL 691.1417(3)(a) through (e). *Cannon Twp*, 311 Mich App at 415; *Willett*, 271 Mich App at 49. With respect to alleging that a governmental agency failed to take reasonable steps in a reasonable amount of time to remedy a claimed defect and that the defect constituted a substantial proximate cause of the sewage disposal system event, MCL 691.1417(3)(d) and (e), defendants argue that the allegations in plaintiffs' complaints were rote, cursory, vague, conclusory, and simply inadequate for purposes of pleading in avoidance of governmental immunity.

In the "count" section of plaintiffs' complaints, after listing a plethora of alleged defects, plaintiffs asserted as follows in both complaints:

> The County Defendants failed to take reasonable steps in a reasonable amount of time to repair, correct or remedy the aforementioned defects, including but not limited to, conducting preventive maintenance, implementing proper operation and maintenance procedures, removal of the bottleneck restrictions in the sewer system, installation of adequate restrictor plates, separating its sewers, maintaining its sewer system to prevent and/or fix defects that allowed excessive amounts of inflow and infiltration, construction of sewers that had sufficient amount of capacity to handle that amount of flow that is collected.

> The aforementioned defects, individually and/or in conjunction with each other, in the County Defendants' sewer disposal system were a substantial proximate cause of the flooding and damage of Plaintiffs' properties by sewage, pollutants, water, feces, dirt, debris, and noxious odors that occurred on or about August 11, 2014. The aforementioned defects, individually and/or in conjunction with each other, caused Defendants' sewers to surcharge on August 11, 2014, the surcharging of the sewers caused Defendants' sewers to backflow throughout the sewer system, the sewage then back flowed through the Plaintiffs' lateral lines and then flooded their properties.

Assuming for the sake of argument that these allegations were inadequate in connection with the elements regarding the need to allege a failure to take reasonable steps in a reasonable amount of time relative to correcting defects and proximate cause, the counts in the complaints incorporated by reference over 200 general allegations set forth earlier in the complaints. The general allegations contained or alluded to assertions of fact, claims, problems, failures, and information concerning the 2014 rains and flooding, the operation of the sewer system, bottleneck restrictions in drainage district interceptors, infiltration of groundwater, retention facility capacity, treatment facility screens, the Red Run Drain, computer and control systems utilized to regulate gates, aspects of the city sewer systems, and plaintiffs' lateral lines. The above-quoted paragraphs from the "count" sections in the complaints were effectively a summarization of the extensive details alleged earlier in the complaints. These details provided more than adequate information relative to identifying the basis for plaintiffs' claims that defendants failed to take reasonable steps in a reasonable amount of time to correct the alleged defects and that the alleged defects were a substantial proximate cause of the sewage disposal system events. To the extent that defendants seek additional details regarding plaintiffs' claims,

-4-

that is the purpose of discovery and not the premise of summary dismissal. As aptly noted by one of the trial judges, the level of specificity demanded by defendants would have required "a 1,500 page complaint."

By way of just one example, plaintiffs set forth 20 paragraphs of allegations alone with respect to retention treatment facility screens, which are used to protect pumps by removing debris and objects from the system. They alleged that "[i]f any of the screens become blinded with debris, they fail from over torque and the debris blocks and/or restrict flow from passing through the screen." Plaintiffs asserted that when the screens were constructed in 2006, "the planned protocol was for the screens to operate automatically" when needed. They claimed that a problem that arose was that "the screens were 75% covered before they would turn on, and the result was that they have already become blinded[,]" and "[a]s the screens turned on they would fail from over torque." Therefore, according to plaintiffs, defendants "stopped using the automatic screen control system since at least 2011." Plaintiffs further alleged that since at least 2011, defendants knew that the failure "to operate the screens early enough would cause the screens to shut down because of over-torque." It was asserted in the complaints that defendants manually turned on the screens on August 11, 2014, during heavy rains, but "failed to operate [them] . . . in order to prevent the screens from shutting down because of over-torque[,]" resulting in the screens becoming blinded with debris and failing. Plaintiffs proceeded to identify over-torque failures, as well as the timing of such failures, with respect to particular numbered screens employed in the system.

Next, plaintiffs alleged that operational errors and design, maintenance, and construction defects caused the over-torque failures. They additionally claimed that defendants had previously experienced similar screen failures, including an occurrence during a rainstorm in August 2013. Plaintiffs then alleged:

> 138. On August 11, 2014, the screens were blinded by debris, the debris blocked and/or restricted flow from passing through the screens thereby causing surcharging within . . . interceptors that then caused the sewage to back flow through the Plaintiffs' lateral lines and then flood Plaintiffs' properties.
>
> 139. The County Defendants have legal authority to control all aspects of the . . . [retention facility,] including, but not limited to, the screen control protocols and employee supervision since 2006.
>
> 140. The County Defendants failed to implement proper screen control protocols and employee supervision prior to the August 11, 2014 sewage disposal event since 2006 in order to prevent over torque failures in the . . . screens.

As can be gleaned from the detailed allegations discussed above regarding screens, plaintiffs adequately provided allegations that defendants, "having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy" defects associated with the screens, MCL 691.1417(3)(d), and that the screen defects were a "substantial proximate cause of the" damages sustained by plaintiffs, MCL 691.1417(3)(e). Pursuant to the allegations, the reasonable steps that should have been taken centered on more timely or earlier operation or activation of the screens and, as to taking those steps in a

reasonable amount of time, the complaints alleged that the steps could and should have been taken before the screens were blinded by debris and shut down. Again, this is but one example of a defect explored at length in the complaints, and plaintiffs similarly treated other claimed defects. Defendants' apparent contention that plaintiffs should have essentially defined the full parameters of "reasonableness" by way of explicit and detailed allegations in the complaints goes, in the extreme, beyond the demands of proper and adequate pleading.

In sum, reviewing all of plaintiffs' well-pleaded factual allegations as true and construing them in plaintiffs' favor, *Genesee Co*, 309 Mich App at 323-324, we hold that plaintiffs sufficiently pleaded in avoidance of governmental immunity for purposes of claiming the exception for a "sewage disposal system event" under the GTLA. The allegations reasonably informed defendants of the nature of plaintiffs' claims that defendants were being called upon to defend. MCR 2.111(B)(1). The complaints in no way can be characterized as being ambiguous and uninformative pleadings that leave defendants guessing with respect to the grounds upon which plaintiffs rely in seeking recovery. *Dacon*, 441 Mich at 329. Accordingly, the trial courts did not err in denying defendants' motions for summary disposition.

Affirmed. Having fully prevailed on appeal, plaintiffs are awarded taxable costs under MCR 7.219.


/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause