# STATE OF MICHIGAN

# COURT OF APPEALS

TINA PARKMAN,

        Plaintiff-Appellee,

v

ENTERPRISE LEASING COMPANY OF
DETROIT LLC and DAVID GLENN, SR.,

        Defendants,

and

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
December 28, 2017

No. 335240
Wayne Circuit Court
LC No. 14-013632-NF

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant, the City of Detroit, appeals as of right the trial court's order denying its motion for partial summary disposition. For the reasons stated herein, we reverse and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

This matter arises out of a collision between a Detroit Department of Transportation (DDOT) bus driven by defendant, David Glenn, Sr.,[1] and a rental car driven by plaintiff, Tina Parkman. Following the collision, plaintiff filed a negligence action[2] against defendants claiming that Glenn breached his duty to operate the bus with reasonable care under the Michigan Vehicle Code and common law, and that the City, as the owner of the bus, was liable

---

[1] Glenn is not a party to this appeal, but we refer to the City and Glenn collectively as defendants.

[2] Plaintiff also brought a claim for personal protection benefits against the owner of the rental car, Enterprise Leasing Company of Detroit LLC, which is not at issue in this appeal.

for his negligent acts. Specifically, plaintiff alleged that she was lawfully parked on the curb facing eastbound Warren in Detroit when Glenn drove past and swerved the bus into the front driver's side door of her rental car.

After filing separate answers to plaintiff's first amended complaint, defendants filed a joint motion for partial summary disposition pursuant to MCR 2.116(C)(7), (8), and (10),[3] arguing that Glenn was entitled to governmental immunity because plaintiff failed to plead gross negligence in her complaint, and that the City was entitled to governmental immunity because Glenn did not operate the bus in a negligent manner; thus, the motor vehicle exception to governmental immunity, MCL 691.1405, did not apply. In so doing, they contested plaintiff's account of the collision, asserting that she caused the accident by opening the rental car door into the path of the bus in violation of MCL 257.626b of the Michigan Vehicle Code and Detroit Ordinance, § 55-1-17 (supposedly in effect at the time of the collision), and that the door made contact with the bus's right rear wheel panel.

In her response to the motion for partial summary disposition, plaintiff again asserted, consistent with the claim made in her complaint, that the collision occurred when Glenn negligently swerved the bus into the parking lane in violation of MCL 257.634 of the Michigan Vehicle Code. To support this argument, she attached and cited to an excerpt of her deposition transcript where she testified that the front of the bus hit her rental car door, an excerpt of Glenn's deposition transcript where he testified regarding pictures taken of the damaged rental car, and those pictures. Thus, plaintiff contended, the motion for summary disposition should be denied under MCL 691.1405, because she "pled sufficient facts to support her allegations that the [City's] bus was operated in a negligent manner."

In reply to plaintiff's response, defendants reiterated their argument that the collision was not caused by any negligence on their part, stating, "Defendant Glenn has testified in his deposition that the [bus] was in its lane at the time of impact and that Plaintiff's door struck the right rear tire of the [bus]." To the reply, defendants attached that portion of Glenn's deposition transcript where he testified that he was driving straight ahead and did not enter the parking lane when plaintiff opened the door of the rental car and hit the right rear tire of the bus.

At the motion hearing, plaintiff's counsel conceded governmental immunity with regard to Glenn, but otherwise, the parties made arguments consistent with those made in their briefs. Ultimately, the court granted the motion for partial summary disposition as to the claim against Glenn, but denied the motion with regard to the City, stating:

> As to defendant's argument that there is no negligence, on the part of the City, the Court finds a genuine issue of material fact. Plaintiff claims that she was legally parked and that, as she was exiting the vehicle, the bus swerved into her vehicle, striking her vehicle door. Mr. Glenn testified that the bus was in its lane at the

---

[3] Although defendants stated at the top of the motion that it was being filed pursuant to MCR 2.116(C)(7), (8), and (10), they only provided the standards of review for MCR 2.116(C)(7) and (8) in their brief in support of the motion, and failed to cite to MCR 2.116(C)(10) elsewhere.

time of the impact and that plaintiff's door struck the right rear tire of the bus. The issue is -- is -- as it relates to how the accident happened, is a question of fact for the trier of fact. [*Id.* at 15.]

The court's order reflected this determination.

## II. ANALYSIS

The City argues that the trial court should have granted its motion for summary disposition pursuant to MCR 2.116(C)(7) and (10), because it is entitled to governmental immunity. Specifically, it asserts plaintiff failed to establish a genuine issue of material fact that Glenn operated the bus in a negligent manner, and that she herself caused the collision by opening her car door into traffic in violation of MCL 257.626b,[4] and former Detroit Ordinance, § 55-1-17.[5]

Defendants filed their motion for partial summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), but at the motion hearing, defendants' counsel stated, "Your Honor, we bring this motion based on MCR 2.116(C)(7)." Then, in its ruling on the record, the court provided the standards of review for MCR 2.116(C)(7), (8), and (10), but failed to specify which it used to deny the motion as to the City, stating only that a genuine issue of material fact existed with regard to negligence, and that "how the accident happened[] is a question of fact for the trier of fact." This implies that the court denied summary disposition under both MCR 2.116(C)(7) and (10), but the proper subrule is MCR 2.116(C)(7), which governs motions for summary disposition based on governmental immunity.[6]

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7), and the applicability of governmental immunity. *Seldon v Suburban Mobility*

---

[4] MCL 257.626b provides: "A person who operates a vehicle upon a highway or a frozen public lake, stream, or pond or other place open to the general public including an area designated for the parking of vehicles in a careless or negligent manner likely to endanger any person or property, but without wantonness or recklessness, is responsible for a civil infraction."

[5] According to the City, the ordinance provided that no person should open the door of a vehicle into the flow of traffic.

[6] A party moving for summary disposition under MCR 2.116(C)(10) "must support its motion with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369-370; 775 NW2d 618 (2009), citing MCR 2.116(G)(3). "If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion." *Id.* at 370. Thus, although not questioned below or on appeal, if the City intended to file its motion pursuant to MCR 2.116(C)(10), it failed to meet its evidentiary burden under MCR 2.116(G)(3), because it did not attach any exhibits to its initial motion, only including a short excerpt of Glenn's deposition testimony with its reply brief. Plaintiff, then, had no duty to even respond.

-3-

*Auth for Regional Transp*, 297 Mich App 427, 432-433; 824 NW2d 318 (2012). Summary disposition is proper under MCR 2.116(C)(7) "when a claim is barred by immunity granted by law." *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015) (quotation marks and citation omitted). "To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity." *Id*. And we must "accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). When "no [material] facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Willett v Charter Twp of Waterford*, 271 Mich App 38, 45; 718 NW2d 386 (2006) (quotation marks and citation omitted; alteration in original).

"The governmental tort liability act, MCL 691.1401 *et seq*., provides immunity from tort liability to governmental agencies engaged in a governmental function." *Stanton v Battle Creek*, 466 Mich 611, 614-615; 647 NW2d 508 (2002), citing MCL 691.1407(1). However, the exception to governmental immunity at MCL 691.1405 provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." Neither party disputes that the City and DDOT are governmental agencies, that Glenn was an employee of the City, or that defendants were engaged in a governmental function when the collision occurred. The only issue, then, concerns whether plaintiff presented sufficient evidence to establish a material factual dispute that Glenn was operating the bus in a negligent manner, causing the collision.

Viewing the factual allegations and the evidence in a light most favorable to plaintiff, we hold that plaintiff failed to establish a genuine issue of material fact as to whether Glenn operated the bus in a negligent manner. Glenn's testimony, attached to defendants' reply brief, was that he was driving straight ahead and had not entered the parking lane when plaintiff opened the car door and hit the rear of the bus. This testimony, that Glenn continually operated the bus in the proper lane, was unrebutted. Although plaintiff alleged in her complaint that he negligently swerved into the car, she provided no evidence to the trial court in support of that allegation. The only evidence presented by plaintiff were pictures of the rental car taken after the accident and Glenn's testimony about those pictures. But to accept that evidence as support for her claim that the car door never extended beyond the parking lane would require speculation, as there was no evidence about where the car was parked before the accident. In light of Glenn's unrebutted testimony, it is immaterial whether it was the front or back of the bus that made contact with the car door, as that testimony does not create any material factual dispute; the testimony makes it no more or less likely that Glenn caused the collision by negligently swerving into the parking lane. Accordingly, the court erred when it denied the motion for partial summary disposition as to the City, as the City is entitled to governmental immunity.

Reversed and remanded for entry of an order granting the City's motion for partial summary disposition. We do not retain jurisdiction. Having prevailed in full, the City may tax

-4-

costs. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood