WESCHE v MECOSTA COUNTY ROAD COMMISSION

Docket No. 251641. Submitted June 8, 2005, at Grand Rapids. Decided
July 5, 2005, at 9:05 a.m. Leave to appeal sought.

Daniel J. and Beverly Wesche brought an action in the Mecosta
Circuit Court against the Mecosta County Road Commission.
Daniel Wesche sought damages for personal injury following an
automobile accident in which an employee of the defendant driving
a Gradall hydraulic excavator struck the rear of Wesche's vehicle.
Beverly Wesche alleged loss of consortium. The court, Richard I.
Cooper, J., denied the defendant's motion for summary disposition
on Daniel Wesche's claim, determining that the Gradall is a motor
vehicle for the purposes of the motor vehicle exception to govern-
mental immunity found in MCL 691.1405. The court granted the
defendant summary disposition on Beverly Wesche's claim, deter-
mining that her claim of loss of consortium was barred by
governmental immunity. The defendant appealed, and the plain-
tiffs cross-appealed.

The Court of Appeals *held*:

1. The trial court did not err by determining that the Gradall
is a motor vehicle for the purposes of the motor vehicle exception
to governmental immunity found in MCL 691.1405. The exception
applies to automobiles, trucks, buses, and similar motor-driven
conveyances. The Gradall is a wheeled, motorized vehicle operated
by a driver that generally resembles a truck and moves like a
truck. At the time of the accident, the vehicle was being driven on
a public roadway. The exception does not require that the vehicle
be used primarily for transportation.

2. The trial court did not err by determining that governmen-
tal immunity barred the claim for loss of consortium. The motor
vehicle exception to governmental immunity under MCL 691.1405
applies to claims for bodily injury and property damage. The
damages alleged by Beverly Wesche were not for bodily injury or
property damage, but for damages deriving from her spouse's
injuries.

Affirmed.

1. GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — MOTOR VEHICLE —
   DEFINITION.

> The motor vehicle exception to governmental immunity applies to
> an automobile, truck, bus, or similar motor-driven conveyance; a
> wheeled, motorized vehicle operated by a driver that generally
> resembles a truck and moves like a truck is a motor vehicle for the
> purposes of the exception; the vehicle need not be used primarily
> for transportation for the motor vehicle exception to apply (MCL
> 691.1405).

2. GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — LOSS OF CONSOR-
   TIUM.

> The motor vehicle exception to governmental immunity does not
> apply to a claim for loss of consortium because it is not a claim for
> bodily injury or property damage, but for other damages deriving
> from the spouse's injury (MCL 691.1405).

*Walz & Warba, P.C.* (by *Mark J. Warba*), for the
plaintiffs.

*Smith Haughey Rice & Roegge* (by *Charles F. Behler*
and *William L. Henn*) for the defendant.

Before: HOEKSTRA, P.J. and JANSEN and KELLY, JJ.

PER CURIAM. In this automobile negligence action,
defendant Mecosta County Road Commission appeals
as of right the trial court's ruling that a Gradall
hydraulic excavator is a motor vehicle for the purposes
of the motor vehicle exception to governmental immu-
nity found in MCL 691.1405. Plaintiffs Daniel J. and
Beverly Wesche cross-appeal the trial court's dismissal
of Beverly Wesche's loss-of-consortium claim. We af-
firm.

### I. BASIC FACTS

It is undisputed that one afternoon in March 2000,
Daniel Wesche stopped for a red traffic light at the
intersection of State Street and Woodward Avenue in

the city of Big Rapids. While he was stopped, the rear of his vehicle was struck by a Gradall XL 4100 driven by defendant's employee. According to plaintiffs' complaint, the impact caused serious injury to Daniel Wesche's cervical spine. Plaintiffs filed a complaint against defendant alleging that Daniel Wesche suffered physical, mental, and emotional injury and economic damages. Beverly Wesche alleged that she suffered loss of consortium caused by her husband's injuries.

II. THE GRADALL IS A MOTOR VEHICLE UNDER MCL 691.1405

Defendant argues that the trial court erred in ruling that the Gradall was a motor vehicle for the purposes of the motor vehicle exception to governmental immunity found in MCL 691.1405. We disagree. This Court reviews de novo decisions on summary disposition motions. *Stanton v Battle Creek,* 466 Mich 611, 614; 647 NW2d 508 (2002). This issue does not present an issue of statutory interpretation, but one of statutory application.

The governmental tort liability act, MCL 691.1401 *et seq.,* provides that a governmental agency is immune from tort liability while engaging in a governmental function unless a specific exception applies. Governmental immunity is broad, and the five exceptions are narrowly drawn. *Stanton, supra* at 615. The motor vehicle exception to governmental immunity, MCL 691.1405, provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.

In *Stanton, supra* at 616, the Court determined that "[t]he motor vehicle exception does not define 'motor vehicle.' " The Court rejected the contention, also suggested by defendant in this case, that the reference in MCL 691.1405 to the Michigan Vehicle Code, MCL 257.1 *et seq.*, provided the definition of "motor vehicle" for the purposes of MCL 691.1405. *Stanton, supra* at 616. After determining that the term "motor vehicle" was not otherwise defined in the governmental tort liability act, the Court adopted a dictionary definition of the term "motor vehicle," that being: " 'an automobile, truck, bus, or similar motor-driven conveyance.' " *Id.* at 618 (citation omitted). Applying this definition, the Court concluded that the forklift in that case was not a motor vehicle for the purposes of MCL 691.1405. The Court held: "A forklift—which is a piece of industrial construction *equipment*—is not similar to an automobile, truck, or bus." *Stanton, supra* at 618 (emphasis in original).

Later, in *Chandler v Muskegon Co,* 467 Mich 315, 322; 652 NW2d 224 (2002), the Supreme Court held that the motor vehicle exception to governmental immunity did not apply when the plaintiff was injured by a bus parked in a maintenance facility. The Court held that the motor vehicle exception did not apply because the vehicle was not being "operated" when the injury occurred. *Id.*

In *Regan v Washtenaw Co Bd of Co Rd Comm'rs (On Remand),* 257 Mich App 39, 47-51; 667 NW2d 57 (2003), this Court held that a broom tractor and a tractor mower were motor vehicles for the purposes of MCL 691.1405. This Court reasoned that both vehicles are "motor-driven conveyances," and rejected the suggestion that a motor vehicle must have transportation as a primary function in order to qualify as a motor vehicle

under MCL 691.1405. *Regan, supra* at 47-48. This Court explained that a broom tractor and a tractor mower "are comparable to an automobile, bus, or truck," and, like those vehicles, are "invariably connected to the roadways . . . ." *Id.* at 48.

Applying these decisions to the case at hand, we conclude that the Gradall is a motor vehicle for the purposes of MCL 691.1405. The Gradall, a wheeled, motorized vehicle operated by a driver, generally resembles a truck and moves like a truck. The significant difference between it and a truck is that mounted on the back of the vehicle is a unit that operates a hydraulic excavation tool. Although defendant argues that the Gradall is not used primarily for transportation, none of the cases cited above requires the motor vehicle to be used primarily for transportation for MCL 691.1405 to apply. Moreover, when the Gradall is not being used for excavation, it can be driven along the roadways just like a truck and transports both its attached excavation unit and the driver. At the time of the accident in this case, the driver was returning the Gradall to defendant's garage from the project site. The Gradall was being driven on a public roadway when it struck the rear of Daniel Wesche's vehicle. Under these circumstances, we conclude that the trial court did not err in ruling that the Gradall is a motor vehicle for the purposes of MCL 691.1405.

### III. MCL 691.1405 DOES NOT PROVIDE AN EXCEPTION TO GOVERNMENTAL IMMUNITY FOR LOSS-OF-CONSORTIUM CLAIMS

On cross-appeal, plaintiffs argue that the trial court erred in ruling that Beverly Wesche's loss-of-consortium claim is barred by governmental immunity. We disagree and hold that loss-of-consortium claims are

not included in the motor vehicle exception to governmental immunity found in MCL 691.1405. We review de novo issues of statutory interpretation. *Stanton, supra* at 614. The primary rule of statutory interpretation is that we are to effect the intent of the Legislature. To achieve this task, we must first examine the statute's language. If the language is clear and unambiguous, we assume the Legislature intended its plain meaning, and the statute is enforced as written. *Id.* at 615.

Pursuant to MCL 691.1405, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle . . . ." In this case, plaintiffs alleged:

> As a result of the injuries and damages to Daniel John Wesche, his spouse, Beverly Wesche, has further been damaged by being denied the normal marital companionship and services from the date of Daniel's physical injuries up to the present, with their being a reasonable likelihood/probability that some element of same will be permanent.

Loss of consortium is a separate cause of action; this has been the law in Michigan since at least 1960. *Wessels v Garden Way, Inc,* 263 Mich App 642, 648; 689 NW2d 526 (2004). However, " '[a] claim of loss of consortium is derivative and recovery is contingent upon the injured spouse's recovery of damages for the injury.' " *Id.,* quoting *Berryman v K Mart Corp,* 193 Mich App 88, 94; 483 NW2d 642 (1992). Thus, loss-of-consortium claims do not encompass bodily injury or property damage, but other damages deriving from the spouse's injury. None of the damages alleged by Beverly Wesche is bodily injury or property damage. Therefore, because the governmental immunity exception provided in MCL

691.1405 does not apply to Beverly Wesche's loss-of-consortium claim, the trial court did not err in dismissing this claim.

Affirmed.