## KIK v SBRACCIA

Docket No. 256419. Submitted April 25, 2006, at Lansing. Decided October 10, 2006, at 9:05 a.m. Leave to appeal sought.

Rebecca and Robert Kik, individually and as personal corepresentatives of the estate of their deceased daughter, Sharon Kik, brought an action in the Chippewa Circuit Court against John-Christopher Sbraccia, Kinross Charter Township EMS, and Kinross Charter Township. A township ambulance driven by township EMS employee Sbraccia overturned while transporting Rebecca Kik, who was pregnant. Sharon Kik was born prematurely and died the same day. The plaintiffs sought damages, including damages for the loss of the society and companionship of their daughter and damages for Robert Kik's loss of consortium with Rebecca Kik. The defendants moved for partial summary disposition, contending that the plaintiffs' derivative claims for loss of consortium and the like were barred by governmental immunity. The court, Nicholas J. Lambros, J., denied the motion, and the defendants appealed. The Court of Appeals, O'Connell, P.J., and Sawyer and Murphy, JJ., affirmed with regard to all claims against Sbraccia and with regard to the plaintiffs' claims for loss of society and companionship, given that the action was a wrongful death action. With regard to Robert Kik's loss-of-consortium-type claims against the township and the township EMS, however, the panel reversed because it was required to follow the holding in *Wesche v Mecosta Co Rd Comm*, 267 Mich App 274 (2005), that damages for loss of consortium are not recoverable in an action brought under MCL 691.1405, the motor-vehicle exception to governmental immunity. The panel ordered the trial court to enter an order on remand granting summary disposition to the township and the township EMS on those claims. Had it not been obligated to follow *Wesche*, however, the panel would have concluded that MCL 691.1405 does not limit the right to recover damages for derivative claims, such as a claim for loss of consortium. 268 Mich App 690 (2005). The Court of Appeals convened a special panel to resolve the conflict between this case and *Wesche* and vacated part III of its prior opinion in this case. 268 Mich App 801 (2005).

After consideration by the special panel, the Court of Appeals *held*:

The prior panel reached the correct conclusion in this case. The reasoning and analysis in part III of the prior opinion in this case, which concluded that MCL 691.1405 does not limit the right to recover damages for loss-of-consortium-type claims arising from a bodily injury, is adopted and reinstated. Part III of the *Wesche* opinion is overruled.

Summary disposition order vacated and case remanded.

WILDER, P.J., dissenting, would instead adopt part III of the *Wesche* opinion and hold that MCL 691.1405 does not provide an exception to governmental immunity for loss-of-consortium claims. None of Robert Kik's claims arises from his bodily injury or property damage, as required under a narrow construction of the statutory exception. Because they are instead derivative claims arising from Rebecca Kik's injuries, the trial court erred by denying the township and the township EMS summary disposition on these claims.

GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — LOSS OF CONSORTIUM.

The motor vehicle exception to governmental immunity does not limit the right to recover damages for derivative claims, such as claims for loss of consortium, arising from a bodily injury (MCL 691.1405).

*Petrucelli & Petrucelli, P.C.* (by *Jonny L. Waara*), for the plaintiffs.

*Smith Haughey Rice & Roegge* (by *William L. Henn* and *Mark P. Bickel*) for the defendants.

Before: WILDER, P.J., and CAVANAGH, SMOLENSKI, ZAHRA, FORT HOOD, SCHUETTE, and BORRELLO, JJ.

BORRELLO, J. This conflict panel was convened to resolve an inconsistency between the vacated portion of this Court's prior opinion in *Kik v Sbraccia*, 268 Mich App 690; 708 NW2d 766 (2005) (*Kik I*), vacated in part 268 Mich App 801 (2005), and this Court's earlier decision in *Wesche v Mecosta Co Rd Comm*, 267 Mich App 274; 705 NW2d 136 (2005). In accordance with

MCR 7.215(J)(1), the panel in *Kik I* was required to follow the precedent of *Wesche*, which held that loss-of-consortium claims are not included in the motor-vehicle exception to governmental immunity found in MCL 691.1405 and that such claims were therefore barred by governmental immunity. Were it not for *Wesche* and MCR 7.215(J)(1), the panel in *Kik I* would have affirmed the decision of the lower court that damages for derivative claims were available in an action brought pursuant to the motor-vehicle exception, MCL 691.1405.

The conflict at issue involves whether damages for derivative claims such as loss of consortium are available in actions brought pursuant to the motor-vehicle exception. MCL 691.1405. In *Wesche*, a panel of this Court held that because loss-of-consortium claims do not encompass bodily injury or property damage, they are not included in the motor-vehicle exception to governmental immunity. *Wesche, supra* at 278-279. Therefore, this Court affirmed the trial court's ruling that the plaintiff wife's loss-of-consortium claim was barred by governmental immunity. *Id.* at 279-280. In *Kik I*, this Court held that the panel's decision in *Wesche* was inapplicable to wrongful death cases, *Kik I, supra* at 706-707, 712 n 42; therefore, *Wesche* did not apply to plaintiffs' claim for loss of society and companionship for the death of their daughter. However, the panel in *Kik I* concluded that the claim for loss of consortium brought by plaintiff husband against defendants Kinross Charter Township and Kinross Charter Township EMS (but not Sbraccia, the driver of the ambulance, individually), relating to the injuries suffered by plaintiff wife in the accident, did fall squarely within the scope of *Wesche*. *Id.* at 707. In *Kik I*, the panel opined "that *Wesche* was incorrectly decided" and stated that "were we not obligated by MCR 7.215(J) to

follow *Wesche*, we would reach a different conclusion . . . ." *Id.* at 711. However, because it was constrained to do so by MCR 7.215(J), this Court followed *Wesche* and reversed the trial court's denial of summary disposition regarding plaintiff husband's claim for loss of consortium arising out of his wife's injuries and remanded the matter to the trial court for entry of summary disposition in favor of the township and the township's EMS on that claim. *Id.* at 711-712.

Following due consideration of the analyses of the competing viewpoints regarding this conflict issue in *Wesche* and *Kik I*, we resolve the conflict in accordance with the panel's opinion in *Kik I*. We are persuaded by the panel's reasoning in part III of the *Kik I* opinion and adopt its reasoning and analysis as our own. We therefore expressly adopt and reinstate part III of the panel's opinion in *Kik I* and overrule part III of the *Wesche* opinion.

We direct the trial court to vacate its order granting summary disposition in favor of the township and the township's EMS with respect to plaintiff husband's claim for loss of consortium arising from plaintiff wife's injuries.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

CAVANAGH, SMOLENSKI, and FORT HOOD, JJ., concurred with BORRELLO, J.

WILDER, P.J. (*dissenting*). We respectfully dissent. We would adopt part III of this Court's decision in *Wesche v Mecosta Co Rd Comm*, 267 Mich App 274, 278-280; 705 NW2d 136 (2005), and hold that MCL 691.1405 does not provide an exception to governmental immunity for loss-of-consortium claims.

We review de novo issues of statutory interpretation. *Stanton v Battle Creek,* 466 Mich 611, 614; 647 NW2d 508 (2002). The primary rule of statutory interpretation is to give effect to the intent of the Legislature. *Id.* at 615. "To achieve this task, we must first examine the statute's language. If the language is clear and unambiguous, we assume the Legislature intended its plain meaning, and the statute is enforced as written." *Id.* (citation omitted). In determining whether a governmental entity is liable in tort, we follow the principle that "the immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed." *Nawrocki v Macomb Co Rd Comm,* 463 Mich 143, 158; 615 NW2d 702 (2000) (emphasis in original).

Pursuant to MCL 691.1405, "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle . . . ." In this case, plaintiffs alleged in part that plaintiff Rebecca Kik was a pregnant passenger in an ambulance being driven by defendant Sbraccia and that his negligent or grossly negligent operation of the ambulance, resulting in a rollover accident, caused plaintiff Rebecca Kik to be "thrown about the back of the ambulance, sustaining injuries which subsequently resulted in the premature birth and death of her daughter . . . ." Plaintiffs also sought recovery for a number of derivative claims, including loss of consortium and loss of society and companionship.

As noted in *Wesche,* since at least 1960, loss of consortium has been construed as a separate cause of action in Michigan. *Wesche, supra* at 279, citing *Wessels v Garden Way, Inc,* 263 Mich App 642, 648; 689 NW2d 526 (2004). However, " '[a] claim of loss of consortium is

derivative and recovery is contingent upon the injured spouse's recovery of damages for the injury.' " *Id.*, quoting *Berryman v K mart Corp*, 193 Mich App 88, 94; 483 NW2d 642 (1992). Thus, loss-of-consortium claims do not encompass bodily injury or property damage, but encompass other damages deriving from the spouse's injury. None of the claims asserted by plaintiff Robert Kik against the township defendants arises from his bodily injury or property damage; rather, they are derivative claims arising from plaintiff Rebecca Kik's injuries. Therefore, because the governmental immunity exception provided in MCL 691.1405, under a narrow construction, does not apply to plaintiff Robert Kik's loss-of-consortium claims, we would conclude that the trial court erred by denying the township defendants' motion for partial summary disposition.

ZAHRA and SCHUETTE, JJ., concurred with WILDER, P.J.