# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 23, 2007

132849

REBECCA KIK and ROBERT KIK, Individually,
and as Co-Personal Representatives of the
ESTATE of SHARON ANN LEELANI KIK,
      Plaintiffs-Appellees,
v

JOHN-CHRISTOPHER SBRACCIA, KINROSS
CHARTER TOWNSHIP EMS, and KINROSS
CHARTER TOWNSHIP,
      Defendants-Appellants.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132849
COA: 256419
Chippewa CC: 04-007213-NI

On order of the Court, the application for leave to appeal the October 10, 2006 and November 15, 2005 judgments of the Court of Appeals is considered, and it is GRANTED, limited to the issues: (1) whether MCL 691.1405's exception to governmental immunity permits the spouse of a person who sustains bodily injury as a result of the negligent operation of a motor vehicle owned by a governmental agency to recover damages for loss of consortium; (2) whether MCL 691.1405, providing that governmental agencies "shall be liable for bodily injury and property damage resulting from the negligent operation . . . of a motor vehicle" owned by a governmental agency, limits the damages recoverable in a wrongful death action, as enumerated in MCL 600.2922(6); and (3) in light of MCL 691.1405's waiver of governmental immunity for bodily injury and property damage resulting from the negligent operation of a motor vehicle owned by a governmental agency and operated by an officer, agent, or employee of the governmental agency, whether a governmental officer, agent, or employee whose alleged gross negligence causes death or bodily injury is subject to personal liability for loss of consortium pursuant to MCL 691.1407(2)(c).

We further ORDER that this case be argued and submitted to the Court together with the case of *Wesche v Mecosta County Road Comm* (Docket No. 129282), at such future session of the Court as both cases are ready for submission.

The Attorney General, Michigan Defense Trial Counsel, Inc., and Michigan Trial Lawyers Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 23, 2007

p0516

Clerk